```
                   IN THE UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF FLORIDA

                              MIAMI DIVISION

                       CASE NO.:  24-mj-06151-PMH-1




UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
v.                           )
                             )           April 8, 2024
JAMAAL WADE,                 )
                             )
          Defendant.         )           Pages 1 - 14
_____/




                       INITIAL APPEARANCE HEARING

                BEFORE THE HONORABLE PATRICK M. HUNT
                    UNITED STATES MAGISTRATE JUDGE





APPEARANCES:

Counsel on behalf of the Plaintiff:

                    UNITED STATES ATTORNEY'S OFFICE
                    500 E. Broward Boulevard
                    Suite 700,
                    Fort Lauderdale, FL 33394
                    BY:  JEFFERY KAPLAN, AUSA
```

```
 1  APPEARANCES CONTINUED:

 2
    On behalf of the Defendant:
 3
                        FEDERAL PUBLIC DEFENDER'S OFFICE
 4                      One East Broward Boulevard
                        Suite 1100,
 5                      Fort Lauderdale, FL 33301
                        BY:  ROBERT N. BERUBE, AFPD
 6

 7

 8

 9
    Transcribed By:
10
                        BONNIE JOY LEWIS, R.P.R.
11                      7001 SW 13 Street
                        Pembroke Pines, FL  33023
12                      954-985-8875
                        caselawrptg@gmail.com
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                (Thereupon, the following proceeding was held:)
 2                THE COURTROOM DEPUTY:  Calling Case Number 24-mj-6151;
 3    United States of America versus Jamaal Khalil Wade.
 4                Counsel, announce your names beginning with the
 5    Government.
 6                MR. KAPLAN:  Good morning, Your Honor.
 7                Jeffrey Kaplan with the U.S. Attorney's Office
 8    appearing on behalf of the United States.
 9                THE COURT:  Good afternoon.
10                All right.  Mr. Wade, you are here for an initial
11    appearance on a sealed complaint.
12                Could I ask the Marshals to take this Defendant out of
13    the courtroom, please.
14                THE MARSHALS:  Yes.
15                THE COURT:  Not you, Mr. Wade.
16                Initial appearance on removal New York and you are
17    charged by way of a sealed complaint.  Is the Government moving
18    to unseal?
19                MR. KAPLAN:  Yes, Your Honor.
20                The Government makes an *ore tenus* motion to unseal the
21    complaint.
22                THE COURT:  Okay.  So that motion will be granted.
23                So you are charged in New York.  And I will explain
24    that in more detail in a minute, but first I need to let you
25    know that at your initial appearance, I have to ask you some
```

1  questions.

2          You don't have to answer them if you don't want to.
3  Anything you say here in court could be used against you, but I
4  have to ask you some questions.

5          If you think that I am asking you something that might
6  incriminate you, then don't answer.  But I am not going to ask
7  you anything about the offense and I don't want you to tell me
8  anything about the offense; okay?

9          You have to answer out loud.

10         THE DEFENDANT:  Yes.

11         THE COURT:  All right.  So you are charged in New York
12 with Count One receipt and distribution of child pornography
13 and Count two of possession of child pornography.

14         What is the maximum penalty for those charges, Mr.
15 Kaplan.

16         MR. KAPLAN:  That's a good question.  I apologize,
17 Your Honor.  If you will just give me a minute.

18         THE COURT:  I'm sure Mr. Berube could help you, but
19 he is making no effort to do so.

20         MR. KAPLAN:  Mr. Berube, could you?

21         THE COURT:  I think they are both 20 and one is a
22 minimum of five?

23         MR. KAPLAN:  Yes, that sounds right.

24         THE COURT:  Well, let's go with that and then you can
25 correct me if I am wrong about that.

1           Mr. Wade, Count One, receipt and distribution would be
2  a maximum of 20 years with a minimum of fives years.  Count
3  Two, possession has no minimum, but it is still a maximum of
4  five.  There also could be other penalties like a fine,
5  supervised release, and there may be other penalties.
6           Do you understand what you are charged with and how
7  much time you are facing?
8           THE DEFENDANT:  Yes (low audibility).
9           THE COURT:  You have to answer out loud.
10          THE DEFENDANT:  Yes, sir.
11          THE COURT:  So you have a right to lawyer to represent
12 you at every stage of the proceedings and let me explain what
13 that means.
14          You are charged in New York, but you are physically
15 here.  So what that means is any trial or other proceedings are
16 going to happen in New York, but we have to find out whether
17 you are going to go there or not.
18          So what you are entitled to in this district, making
19 your first appearance, is called a removal hearing.  There are
20 two parts to the removal hearing.
21          The first part is probable cause.  So the Government
22 would have to convince me or another Judge that there is
23 probable cause to believe that you committed this crime.
24          And part two is identity.  Meaning, that the
25 Government would have to convince me or another Judge that you

1  are the same Jamaal Wade charged in this complaint as opposed
2  to someone else with the same name, for example.
3       If they can prove those two things, then we would
4  order you to go back to New York and you would start over.  You
5  would have a right to a lawyer up there and you would defend
6  against the charges.
7       You could never have a trial down here.  You have a
8  very limited right to ask to have the case transferred here for
9  a plea only.  You would have to get consent of multiple parties
10 to do that.  But, in general, you are going to end up having to
11 defend this in New York assuming they have the right person.
12      So you have a right to a lawyer to represent you here
13 in this district and you also would have a right, if you go to
14 New York, to represent you up here.
15      What I am concerned with is simply this district.  Do
16 you think you have enough money to hire a lawyer to represent
17 you in this district for your removal hearing?  No?
18      Okay.  I don't think the microphone is picking you up
19 because I --
20      THE DEFENDANT:  No.
21      THE COURT:  Okay.  So I am going to take testimony,
22 then, to see if you qualify for a court appointed lawyer.
23      I have to ask you some more questions.  This time you
24 will be under oath.  If you lie to me under oath you could be
25 prosecuted for making a false statement of perjury.

```
 1              Do you understand?
 2         THE DEFENDANT:  Yes.
 3         THE COURT:  All right.
 4         THE COURTROOM DEPUTY:  Raise your right hand.
 5         THE DEFENDANT:  (Complied.)
 6  (Defendant sworn.)
 7         THE COURTROOM DEPUTY:  Please state your full name for
 8  the record?
 9         THE DEFENDANT:  Jamaal Khalil Wade.
10         THE COURT:  All right.  Mr. Wade, again, this is being
11  recorded.  I am going to have to ask you to keep your voice up.
12              Are you employed?
13         THE DEFENDANT:  I was with Holland America Cruise
14  Lines.
15         THE COURT:  All right.  What kind of work were you
16  doing with Holland America?
17         THE DEFENDANT:  I was a performer.
18         THE COURT:  Maybe move over to that other microphone
19  that is closer.  You are very tall and it is just not picking
20  you up.
21         THE DEFENDANT:  I was a performer for Holland America
22  Cruise Lines.
23         THE COURT:  Okay.  And about how much money were you
24  taking home each month?
25         THE DEFENDANT:  I just had signed on, but it was
```

```
 1  supposed to be a thousand a week.
 2            THE COURT:  A thousand a week.  Okay.
 3            THE DEFENDANT:  It was set for three weeks.
 4            THE COURT:  What were you doing before that?
 5            THE DEFENDANT:  Before I was working at Equinox in New
 6  York City, which is the gym.  I was working front desk, but I'm
 7  a performer so.
 8            THE COURT:  And how much money were you taking home?
 9            THE DEFENDANT:  $15 an hour for that job.
10            THE COURT:  Okay.  Are you married?
11            THE DEFENDANT:  No.
12            THE COURT:  Do you have any children or other
13  dependencies to support?
14            THE DEFENDANT:  No.
15            THE COURT:  Do you own a home?
16            THE DEFENDANT:  No.
17            THE COURT:  Do you have any bank accounts; checking,
18  savings, safe deposit box?
19            THE DEFENDANT:  I have a checking account.
20            THE COURT:  How much do you have in the bank
21  altogether?
22            THE DEFENDANT:  Right now I think like maybe $1100-
23  $1200.
24            THE COURT:  Okay.
25            THE DEFENDANT:  And I have a Bright Will (phonetic)
```

1  account, which is paid by Holland of America and that account I
2  think I have like $600 something dollars.
3              THE COURT:  All right.  Do you have a car, truck, or
4  boat?
5              THE DEFENDANT:  No.
6              THE COURT:  Do you have any other money or property
7  you have not told me about here or anywhere in the world that
8  is worth more than about $5,000?
9              That would include stocks, bonds, retirement accounts,
10 crypto currency, real property, expensive jewelry, anything
11 like that?
12             THE DEFENDANT:  No.
13             THE COURT:  Is anyone holding any money in a trust
14 account for you?
15             THE DEFENDANT:  No.
16             THE COURT:  All right.  I find you qualify for court
17 appointed counsel.
18              Is there any reason to think that there is a conflict
19 with the Federal Public Defender in this district, Mr. Kaplan?
20             MR. KAPLAN:  No, Your Honor.
21             THE COURT:  All right.  I am going to appoint the
22 Federal Public Defender to represent you.
23              This is Mr. Berube.  He will represent you here today
24 and either he or someone else will represent you for the
25 remainder of the case in this district.

1          As I told you, you have a right to a removal hearing.
2  You also have a right to a reasonable bond.
3          What is the Government's bond recommendation?
4          MR. KAPLAN:  We are asking for pretrial detention,
5  Your Honor.
6          THE COURT:  And what is the basis?
7          MR. KAPLAN:  Well, two bases; one is under 18 USC
8  3142(f)(1)(e).  It's felonies involving minor victims and there
9  is also a rebuttable presumption and offense that involves
10 minor victims and the statute is listed.  There's a rebuttable
11 presumption under 18 USC Section 3142(e)(3)(e).
12         THE COURT:  Okay.  All right.  So the Government is
13 asking for pretrial detention.  That means no bond.  You have a
14 right to a hearing.
15         I find that I have given enough of a proffer to make
16 the request.  That does not mean that I will grant the request,
17 but I am going to allow them to make the request and set a
18 hearing.
19         And so, again, pretrial detention means no bond.  You
20 are entitled to a hearing where I or another Judge would make a
21 decision whether to grant that request and hold you without a
22 bond, or on the other hand, to set a bond and decide what that
23 bond would be.
24         Mr. Berube, have you already had a chance to talk to
25 Mr. Wade?

```
 1              MR. BERUBE:  Yes, Your Honor.
 2              Earlier this morning I spoke with Mr. Wade regarding
 3   the proceedings here in South Florida.  I reviewed the waiver
 4   of removal document that was provided to me.
 5              My client signed off on that document.  He is going to
 6   waive his removal here in South Florida and wait until he
 7   returns to New York to have the bond detention hearing.
 8              THE COURT:  All right.  Let me take those one at a
 9   time.
10              Mr. Wade, to begin with on removal identity hearing, I
11   have in my hand a document entitled waiver of Rule 5 and 5.1
12   removal of identity hearings.  It appears to have your
13   signature on it.
14              Is that your signature?
15              THE DEFENDANT:  Yes, sir.
16              THE COURT:  And did you read this and have it
17   explained to you prior to signing it?
18              THE DEFENDANT:  Yes, sir.
19              THE COURT:  Do you understand by signing this, you are
20   not admitting that you did anything wrong.  You are just
21   agreeing that the Government could go as far as clearing those
22   two hurdles that I have just told you about.  That being
23   probable cause and identity and that you would be agreeing to
24   go back to New York voluntarily to face the charges.
25              Is that what you want to do?
```

```
 1                THE DEFENDANT:  Yes, sir.
 2                THE COURT:  All right.  I find a knowing, voluntary,
 3   and intelligent waiver of the right to a removal hearing.  I am
 4   signing that now.
 5                Second, both on this form and what Mr. Berube has just
 6   told me, you are agreeing to defer or put off any detention
 7   hearing until you get to New York.
 8                Again, you are not giving up any rights, sir.  You are
 9   just putting off time limits.  So you have the right to have
10   that detention hearing when you arrive in New York.
11                Is that what you want to do is put off your hearing
12   until you get that?
13                THE DEFENDANT:  Yes, sir.
14                THE COURT:  I find also a knowing, voluntary, and
15   intelligent waiver on the time limits only on the detention
16   hearing.
17                So, as I said, you will have a right to that detention
18   hearing within the normal time limits when you arrive in New
19   York, but you will go back in custody.
20                And the record will reflect that you did not waive
21   your right to the hearing.  I will sign the order of removal in
22   a second, but before I do that, let me also tell you two other
23   things.
24                First, that if you are not a U.S. citizen, you have a
25   right to ask the Government to contact the consular officer
```

1  from your home country and let them know that you have been
2  arrested.
3       I do not know if that applies to you, but I have to
4  give everyone that advice.  In a second, since you are now
5  making your first appearance with counsel in federal court, I
6  am going to enter the Due Process Protections Act.
7       I am ordering the Government to produce all
8  exculpatory evidence to the Defendant pursuant to *Brady v.*
9  *Maryland* and its progeny.
10      I am ordering the Government to do that and telling
11 them that failure to do so in a timely manner may result in
12 consequences.  Including exclusion of evidence, adverse jury
13 instructions, dismissal of charges, contempt proceedings, or
14 sanctions by the Court.
15      Mr. Wade, what I am doing there is telling the
16 Government that they have a duty or an obligation to turn over
17 any helpful evidence to you, as well as any evidence that they
18 think might help convict you; okay?
19      All right.  So I will sign the commitment in just a
20 minute and the Marshals will get you back to New York as
21 quickly as they can.
22      Is there anything else that we need to do today, Mr.
23 Kaplan?
24      MR. KAPLAN:  No, Your Honor.  Thank you.
25      THE COURT:  Mr. Berube?

```
 1            MR. BERUBE:  No, Your Honor.  Thank you.
 2            THE COURT:  Mr. Wade, did you understand everything we
 3  did here today?
 4            THE DEFENDANT: Yes, sir.
 5            THE COURT:  All right.  Good luck to you.
 6            THE DEFENDANT:  Thank you.
 7            THE COURT:  Anything else to come before the Court?
 8            All right.  Court is in recess.
 9            (Thereupon, the following proceeding concluded.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE

I hereby certify that the foregoing transcript is an accurate transcript of the audiotape recorded proceedings in the above-entitled matter.

07/05/24

Bonnie Joy Lewis,
Registered Professional Reporter
CASE LAW REPORTING, INC.
7001 Southwest 13 Street,
Pembroke Pines, Florida 33023
954-985-8875